MARY E. HAMILTON and SOLOMON E. HAMILTON, Appellants, v. LULU L. LINN, AUDREY LINN MCTAGGART, JULIE LINN FRAZIER, ALMA LINN DAVIS, NEWTON CARSON, JR., and CLAUDE MADISON.—No. 39993.—200 S. W. (2d) 69.

Division One, February 10, 1947.

Rehearing Denied, March 10, 1947.

*Horace Merritt* for appellants.

*Alva F. Lindsay* for respondents.

DOUGLAS, J.—Plaintiffs filed this suit in November, 1942. In 1945 plaintiffs filed an amended petition alleging that in 1920 they made a written contract with W. N. Linn to purchase certain real estate in St. Joseph for $1250, payment to be made by monthly installments of $12.50; that when the purchase price, interest and other charges were paid Linn agreed to convey the property to them; that they not only paid in full but overpaid to the extent of $590; that they demanded a deed from Linn in July, 1933 which he failed to deliver; and that Linn died and the property was conveyed by his heirs to defendant Carson. A copy of the contract is attached to the petition. Plaintiffs further state that defendants Linn, McTaggart, Frazier, and Davis, the widow and daughters of Linn, have asserted an interest in the property, and that defendant Madison, Linn's executor, is also interested in the property. They allege conspiracy and fraud on the part of defendants in the overpayment of the contract price.

Plaintiffs pray the court to vest the title to the property in them, to divest title out of defendant Carson, and to cancel all claims the

other defendants may have in the property. They further pray for a judgment against defendants for the amount they have overpaid. In the alternative they ask the court to make an accounting of the amount they have paid, to set off the reasonable rental of the property for the time they occupied it, and to render judgment for the balance, and for general relief.

All the defendants except Carson filed motions to dismiss on three grounds. First, because the petition does not state a claim upon which relief may be granted; second, "Said petition shows on its face that it is barred by the statute of limitations provided for in Section 182 and 186 of R. S. 1939"; and third, that in July, 1933 Linn obtained a judgment in the justice court against plaintiff for rent and possession of the property and that such judgment is res adjudicata of this case.

Defendant Carson did not file a motion to dismiss but filed an answer asserting his title to the property and denying generally.

The court sustained the motions to dismiss. It went further and on its own motion dismissed as to defendant Carson. It entered a formal judgment of dismissal of the case and against the plaintiffs. Plaintiffs appealed.

The record does not reveal for what reason the trial court voluntarily assumed the prerogative of dismissing on its own motion as to defendant Carson, who had filed an answer and joined issue. Such action is of course erroneous. Nor does the record show on which ground or grounds the motions to dismiss were sustained.

The petition properly states a claim upon which relief may be granted under Section 1684 R. S. 1939, Mo. R. S. A., the provision for suits to quiet title. That section authorizes such a suit by any person claiming either legal or equitable title, whether in possession or not.

It is well settled that a contract for the sale and purchase of real estate vests an equitable title thereto in the purchaser. Savings Trust Co. of St. Louis v. Skain, 345 Mo. 46, 131 S. W. (2d) 566; State ex rel. City of St. Louis v. Baumann, 348 Mo. 164, 153 S. W. (2d) 31; Hernandez v. Prieto, 349 Mo. 658, 162 S. W. (2d) 829. And when the purchaser has performed the conditions of the contract as alleged here the application of the rule is especially warranted. Levine v. Humphreys, 297 Mo. 555, 249 S. W. 395.

A purchaser under such a contract, being considered in equity as the owner of the real estate involved, may maintain an action to quiet title. 44 Am. Jur. Quieting Title, sec. 54; 51 C. J. Quieting Title, sec. 83; Lambert v. St. Louis & G. Ry. Co., 212 Mo. 692, 111 S. W. 550.

A suit to quiet title is governed by the ten-year statute of limitations of Section 1002, R. S. 1939, Mo. R. S. A. Haarstick v. Gabriel, 200 Mo. 237, 98 S. W. 760; Powell v. Powell, 267 Mo. 117, 188 S. W. 795. And the record shows this suit was brought within ten years after plaintiffs were put out of possession.

Plaintiffs have stated a good cause of action for quieting title to the real estate.

Plaintiffs filed their amended petition on May 14, 1945 and defendants filed their motions to dismiss thereafter. The New Code of Civil Procedure by Section 3 became effective on January 1, 1945 as to all actions brought after that date, and also as to further proceedings in all actions then pending, unless the court decides otherwise. Laws 1943, pp. 353-397, Mo. R. S. A., sec. 847.1—.145. Thus the New Code now governs this proceeding. The New Code abolishes the use of a demurrer and provides a motion which now performs the office of a demurrer. Objections and other matters are now raised by motion instead of by demurrer. See Supreme Court Rule 3.02(b).

If a party so desires he may properly raise the defense of res judicata by a motion to dismiss although it is an affirmative defense and under Section 40 of the New Code must be affirmatively pleaded, and even though it is a defense that goes to the merits and not to the jurisdiction. See Overcash v. Yellow Transit Co., 352 Mo. 993, 180 S. W. (2d) 678. Furthermore, res judicata may be raised by motion although it is not specified in Section 61 in the list of objections which may be so raised. That section expressly allows "other matters" than those specified to be raised by motion. The raising of "other matters" in a motion to dismiss is permissive and not mandatory so such other matters are not waived if not raised by motion but may be raised for the first time in the answer or other responsive pleading. Section 72 states that all defenses and objections for which there is no provision for the raising of the same by motion shall be raised in the responsive pleading.

The question of proof is yet another matter as illustrated in this case. The mere allegation of the judgment does not of itself prove that it determined and adjudicated the issues raised by plaintiffs. Furthermore, the petition shows the agreement was continued in effect after the rendition of the judgment. In this case there was no proof whatever. The record does not show that the trial court even received a copy of the judgment.

The trial court is authorized to receive proof of matters raised by motion. In this regard the motion also performs the office of a "speaking" demurrer. This practice is new to this jurisdiction and came with the New Civil Code. Discussing it prospectively and before the adoption of the New Code this court said in a similar situation where it was sought to dispose of a case by a motion to dismiss: "In this kind of a situation, a speaking demurrer might well be an aid to prompt and efficient administration of justice, resulting in avoidance of expense and delay, by making it possible to decide at once an issue that would dispose of a lawsuit actually barred or groundless on uncontroverted facts; and our new proposed code provides for

1182

such a procedural improvement.'' Halloran v. Hackmann (Mo.), 160 S. W. (2d) 769.

■ As to the question of limitation the petition shows on its face that it was filed after the final settlement of Linn's estate, so therefore the period of one year for exhibiting claims against an estate has run, and such claims are outlawed by Sections 182 and 186, R. S. 1939, Mo. R. S. A. But that is of no moment here because plaintiffs are not seeking a recovery of this sum from Linn's estate but from the defendants on the ground of conspiracy and fraud. While the facts constituting the conspiracy and fraud are not pleaded with particularity as required by Section 47 of the New Code and this portion of the petition would have properly been subject to a motion for a more definite statement or for a bill of particulars as authorized under Section 63, yet under Section 66 defendants are deemed to have waived any such objection by failing to make such motions within the time permitted for them.

■ The trial court erred in sustaining the motions to dismiss and in entering judgment against plaintiffs.

The judgment is reversed and the cause remanded with directions to reinstate the petition and for further proceedings not inconsistent herewith. All concur.