Fellx POGUE, Appellant,

v.

Dewey SMALLEN, Respondent.

Theodore HEFFRON, Appellant,

v.

Dewey SMALLEN, Respondent.

Nos. 44375, 44376.

Supreme Court of Missouri.

Division No. 2.

Jan. 9, 1956.

916

W. A. Brookshire, Columbia, for appellant.

Roberts & Roberts, Smith & Smith, Farmington, J. O. Swink, Farmington, for respondent.

STOCKARD, Commissioner.

In these consolidated actions Felix Pogue and Theodore Heffron sought to recover damages from Dewey Smallen for alleged false imprisonment. The amount of damages prayed for gives this court jurisdiction. The petitions are identical except for the names of the plaintiffs. In Count I it is alleged that on February 5, 1951, in Farmington, Missouri, the defendant unlawfully, maliciously, and with intent to injure, falsely imprisoned the plaintiffs in the county jail for 24 hours by force, without reasonable cause, right or authority, and against the will of plaintiffs. Count II contained the same allegations except it is based on an alleged second false imprisonment for six hours at the same place on February 6, 1951.

The trial judge dismissed the petitions with prejudice without stating the reason therefor, but the action was taken after the defendant had filed the following motion in each case:

"Defendant moves this Court that it make and enter its order striking Count I and Count II of plaintiff's petition herein and dismissing this cause with prejudice and for such other and further relief as to the Court may seem meet and just in the premises;

"Upon the Grounds That:

"1. Defendant states that the imprisonment of plaintiff was by defendant, in his capacity as the then duly, elected, qualified and acting Sheriff of St. Francois County, Missouri, and that the imprisonment was by virtue of a commitment issued to him by the Circuit Court of said County and State, that said commitment was regular on its face; that plaintiff had been adjudged guilty of contempt of said Court; that said Court had jurisdiction to commit to jail for contempt; that said Court had jurisdiction of the plaintiff's person at the time and place; all of which are of record in the office of the Circuit Clerk for said County and State.

"2. Plaintiff's petition wholly fails to state a cause of action against the defendant."

Section 509.300 (all statutory references are to RSMo 1949, V.A.M.S.) provides that "The objections of failure to state a claim upon which relief can be granted or to state a legal defense to a claim may be raised by motion when these objections appear on the face of the pleadings." Each petition states a cause of action for false imprisonment. The respondent in his brief does not contend otherwise. The motions to dismiss for the reason stated in paragraph 2 thereof, that the petitions fail to state a claim upon which relief can be granted, should have been overruled. Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644 [1]; Abbott v. Seamon, Mo.App., 229 S.W.2d 695 [1]; State ex rel. State Highway Commission v. Shultz, Mo. App., 243 S.W.2d 808 [5].

Section 509.290 provides that ten separately listed objections "and other matters" may be raised by motion whether or not the same may appear from the pleadings and other papers filed in the cause. The matters urged in defendant's motions are not included in the ten listed objections. If the defendant is entitled to raise these matters by motion pursuant to Section 509.290, it is by virtue of the phrase "and other matters."

■ The objections specifically authorized to be raised by motion in Section 509.-290 are not directed at the merits of the alleged claim of the pleader. They raise only questions which challenge the pleader's right to proceed in the manner proposed because of his incapacity to sue, because of jurisdiction or venue reasons, or because of procedural irregularities. This court has held that the term "and other matters" as used in Section 509.290 includes the defense of res judicata. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69 [5]; Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 530 [4]. But this defense, like the ten objections specifically authorized to be raised by motion, "would dispose of an action groundless on the uncontroverted facts", Metcalf v. American Surety Co. of New York, supra, even though it is sometimes referred to as a defense to the merits of the claim, and may be raised as an affirmative defense in an answer or reply. Hamilton v. Linn, supra.

Reference to defendant's motions discloses that the matters raised in paragraph 1 are not objections which would dispose of an action on uncontroverted facts, but the motions contain allegations of facts which controvert the merits of the claim of the plaintiff. This is not the purpose of the motion provided for in Section 509.290. Finch v. Edwards, 239 Mo.App. 788, 198 S. W.2d 665 [1]. To hold otherwise, would authorize a defendant in a suit for personal injuries, for example, to plead in a motion to dismiss the petition that the acts of the plaintiff were the sole cause of the plaintiff's injury and then have a hearing on that issue without a jury.

■ The principal contention in defendant's brief is that the trial court could take judicial notice of the matters raised in paragraph 1 of the motions. Assuming this could be done, it would be for two possible purposes: to notice judicially the matters set out as constituting evidence of a defense to the suits on the merits, or to notice judicially the matters and incorporate them as a part of the petitions in determining if they stated a cause of action. Neither purpose is proper under the circumstances in this case.

■ The doctrine of judicial notice, when applied to evidence, "like many presumptions entertained by the courts, is but a rule of evidence", Timson v. Manufacturers' Coal & Coke Co., 220 Mo. 580, 598, 119 S.W. 565, 569 [9], and does away with the formal necessity for presenting evidence, there being no real necessity for it. 9 Wigmore, Evidence § 2565; McCormick, Evidence, § 323; 31 C.J.S., Evidence, § 6. We need not decide in these cases if at the proper time or stage of the proceedings the doctrine of judicial notice could be correctly invoked to establish the matters set out in paragraph 1 of the motions. This is so because the stage of the proceedings for the consideration of evidence to establish a defense on the *merits* has not yet been reached, and for the further reason that the matter set out in the motions, as shown in the next paragraph, is required to be set out affirmatively in a responsive pleading.

■■ A court will judicially notice certain facts in determinng whether a certain pleading, or a certain averment in a pleading, or a greater particularity of an averment, is necessary. Garth v. Kansas City El. Ry. Co., 142 Mo. 535, 44 S.W. 778 [1]; Jackson v. Kansas City, Ft. S. & M. R. Co., 157 Mo. 621, 58 S.W. 32 [1], 80 Am.St.Rep. 650; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S.W. 811 [3]; 9 Wigmore, Evidence § 2566. But the matter set out in the motions in these cases constitute the defense of avoidance, and pursuant to Section 509.090 facts constituting such a defense are required to be set forth affirmatively in a responsive pleading. There is no provision authorizing the defense of avoidance to be

raised by motion, and in such event Section 509.400 also provides that the defense be raised in the responsive pleading. The doctrine of judicial notice as applied to pleadings would not authorize a court to incorporate into the petition allegations of fact improperly set out in a motion, and then hold that the petition *on its face* does not state a cause of action. The motions should have been overruled.

■■ What was attempted by defendant in these cases is the equivalent of filing motions for summary judgment. This device is employed in the federal courts and in some states to give speedy judgment where the plaintiff's claim or defendant's defense is clearly without merit. Regardless of how desirable such a procedure may be, its use is not authorized in Missouri. When the present code of civil procedure was proposed to the Legislature it contained procedural provisions authorizing the use of the motion for summary judgment substantially in the same manner as provided for in Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. However, during the legislative process these provisions of the proposed code were removed from the bill and they do not appear in the present code. Thus, the Legislature has indicated its disapproval of the use of the motion for summary judgment. See Atkinson, Missouri's New Civil Procedure, 10 Mo.Law Review 47 at page 63.

These cases are distinguished from the consolidated cases of Pogue v. Swink (Heffron v. Swink), Mo., 284 S.W.2d 868, in that the petitions in those cases showed that the trial judge against whom the suits for false imprisonment were brought was not acting entirely without jurisdiction when he ordered the plaintiffs jailed for contempt, and the petitions failed to state a cause of action.

The judgment of the trial court in each case is reversed and both causes are remanded to the trial court with directions to permit the defendant, if he so desires, to file proper motions or responsive pleadings within such reasonable time as the trial court shall direct.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.