STATE ex rel. Jack McCARTER, Relator,

v.

Honorable Marshall CRAIG, Judge of the Circuit Court of Scott County, Missouri, Respondent (two cases).

Nos. 47624, 47625.

Supreme Court of Missouri,

En Banc.

Nov. 9, 1959.

Dorman L. Steelman, Steelman & Harrison, Salem, for relator.

Robert A. Dempster, Sikeston, for respondent.

WESTHUES, Judge.

On May 14, 1959, relator Jack McCarter filed a petition in this court, in each of the above-captioned cases, for a writ of prohibition to restrain the respondent, the Honorable Marshall Craig, Judge of the Circuit Court of Scott County, Missouri, from exercising jurisdiction over relator in two certain lawsuits pending before him in the Scott County Circuit Court. This court issued its provisional rule in prohibition in each case. On July 2, 1959, respondent filed a return in each case. The question of respondent's jurisdiction over the person of relator depends upon whether the service of summons upon relator in Dent County, Missouri, was valid or void.

Since the facts and circumstances in each case are identical, we shall consider case No. 47624. The pleadings and briefs are also identical with the exception that in case No. 47624 Iona Goza is plaintiff in the case in the circuit court and in case No. 47625, her husband, Kelly Goza, is plaintiff in the circuit court.

The factual background and circumstances are these: Iona Goza filed a suit for damages alleged to have been sustained in Dent County, Missouri, through the negligent operation of two cars. Relator was the driver of one car and Emma C. West, with whom Iona and her husband were riding, was the driver of the other car. Iona and her husband were residents of Scott County, Missouri, where she filed suit against relator and West. A summons was served on the defendant, Emma C. West, while she was temporarily in Scott County. She filed an answer to the petition. A summons was served on relator in Dent County by the sheriff of that county. Relator filed a motion to "Quash Summons and Service" in the Scott County Circuit Court asking that the case be dismissed as to him. The reason assigned in the motion was that relator was a resident of Dent County, Missouri. The petition for damages stated that plaintiff was a resident of Scott Coun-

ty, Missouri. At the time the motion was presented to the respondent on January 2, 1959, a record entry was made which reads in part as follows: "'Attorney, Dorman L. Steelman is granted leave to testify that both defendants are residents of Dent County, Missouri and after arguments of counsel said motion is by the Court taken under advisement.'" Later, on March 24, 1959, the motion to dismiss was overruled. The record shows the following order was entered by the court on April 4, 1959:

"'11th day of the March Term, 1959.

Iona Goza, Plaintiff,
vs.
Jack McCarter and
Emma C. West, Defendants. } No. 1570 Motion Filed.

"'Now on this day and in open Court, comes defendant, Jack McCarter by his attorney, Dorman L. Steelman, and leave of Court first being had and obtained files Motion of Defendant, Jack McCarter, For a Re-Hearing of His Motion to Quash Summons and Return in this cause, to which affidavits of Emma C. West and Jack McCarter are attached.

"'Motion set for hearing on April 16, 1959.'"

No useful purpose would be served in setting forth the affidavits referred to in the record made on April 4. They show that both defendants were residents of Dent County.

The record shows the following order was made on April 16, 1959: (Omitting style of the case)

"'Now on this day and in open Court, comes parties by their respective attorneys, and defendant's Jack McCarter, Motion For Re-Hearing of Motion To Dismiss And To Quash Summons And Return, is by the court taken up, argued, and the Court now being fully advised and informed overrules said motion.

"'Defendant, Jack McCarter, is granted thirty (30) days to file responsive pleadings.'"

If both defendants were residents of Dent County, Missouri, and plaintiff was a resident of Scott County, then under the provisions of Sec. 508.010(1) RSMo 1949, V.A.M.S., service of summons could not be legally had upon relator in Dent County. This was ruled by this court en banc in the case of State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393. In that case, the facts were identical with the facts now before us. We see no necessity for again considering the point.

Respondent does not question the correctness of the ruling in the Bartlett case. That being so, we shall examine the points in respondent's brief to determine if there is any valid ground for this court to deny relator's prayer for relief.

In the first point respondent says, "Prohibition is never properly granted except where usurpation of jurisdiction or an act in excess of same is clearly evident. State ex rel. Fabrico v. Johnson, [293 Mo. 302] 239 S.W. 844, loc. cit. 847." All we need to say is that that is the correct rule.

The second point briefed reads: "The respondent ruled properly in connection with the 'Motion to Quash' filed by the relator which Motion at the time of the filing was not supported by affidavits as provided for under Section 509.290, R.S.Mo., 1949, nor was there any evidence introduced in the record to support the facts alleged in the Motion, although Relator was given every opportunity to do so.

"Section 509.290, R.S.Mo., 1949.

"See record indicating no evidence of residence of Emma C. West."

It is true that no affidavits were filed with the Motion to Quash Summons and Return. However, the record shows that, at the time the motion was presented to the court, the attorney for relator was granted leave to testify that *both* defendants were residents of Dent County. This evidence, whatever it was, was evidently not taken by the court reporter. Respondent, in his brief, says, "Respondent admits that leave was granted the relator's attorney to testify that both of the defendants were residents of Dent County and he did testify that the relator was a resident of Dent County but did not testify concerning the defendant Emma C. West at all." Respondent further says that a motion to quash a summons does not "prove itself." That is true. Neither does a statement in a brief "prove itself." So, we are left with a recital in the record that the attorney for relator was granted permission to testify that both defendants in the damage suit were residents of Dent County. That he did so testify does not affirmatively appear from the record. We need not determine the question of whether the record as made was or was not sufficient. This is because of what occurred subsequent to the overruling of relator's motion.

We have heretofore set forth what occurred on April 4, 1959, showing that the trial court granted relator leave to file a motion for a rehearing on his "Motion to Quash Summons and Return." With this motion, relator filed affidavits to the effect that both defendants were residents of Dent County, Missouri. No counter affidavits were filed and the facts stated in relator's affidavits stand uncontradicted.

■ The above facts dispose of respondent's third point wherein he asserts that, in the absence of evidence to the contrary, there is a legal presumption that the defendant West was a resident of Scott County, Missouri. In the case before us, there was positive evidence to rebut the presumption.

The vital point under part four of respondent's brief is thus stated: "There can be no doubt that a trial court may properly refuse to allow a motion which is substantially the same as one previously ruled upon, to be filed and argued a second time." We have no quarrel with that statement and the case cited by respondent, State ex rel. L. J. Mueller Furnace Co. v. Buckner, 207 Mo.App. 48, 229 S.W. 392, supports respondent's statement. However, the facts and circumstances in that case were entirely different from those in the present case. In the cited case, the trial judge had dismissed a case for want of prosecution. A motion was filed to set aside the order and to reinstate the case. This motion was denied. Then, the attorneys attempted to file a second motion to reinstate the case which the trial court refused to grant leave to file. Thereupon, an application for a writ of prohibition was filed in the Kansas City Court of Appeals which court denied the writ on the ground, as stated in respondent's point four, that it was within the discretion of the trial court to deny the request to file a second motion which presented the same question as the first motion.

In the case before us, the trial court granted leave and relator filed his motion for a reconsideration of the question of jurisdiction. With this motion, affidavits were filed as required by statute, Sec. 509.-290 RSMo 1949, V.A.M.S. It is our opinion that at the time respondent overruled the motion for a reconsideration of the question the record before him was such as to show that the summons and service had in Dent County, Missouri, on the relator, Jack McCarter, in both cases were void. This being so, the respondent did not have jurisdiction of the person of relator. It follows that our provisional rule in each case, that is, No. 47624 and No.

47625, should be made absolute unless and until valid service of process may be obtained.

It is so ordered.

All concur.