Rena LICHTERMAN, Appellant,

v.

James T. CROCKETT, Mr. George E. Wagner, and Mrs. George E. Wagner, Respondents.

No. 47513.

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1960.

Barney J. Gissenaas, Hullverson, Richardson & Hullverson, St. Louis, for appellant.

Herbert E. Barnard, Walther, Barnard, Cloyd & Timm, St. Louis, for respondents.

HOLMAN, Commissioner.

Plaintiff, a resident of Jackson County, Missouri, filed this suit in the Circuit Court of St. Louis County against Mr. and Mrs. George E. Wagner and James T. Crockett. The Wagners resided in St. Louis County where they were duly served with process. Defendant Crockett was served in Osage County, Missouri, where he resided. A joint motion to dismiss was filed by the Wagners and a similar separate motion was filed by Mr. Crockett. Therein the parties appeared specially and attacked the jurisdiction of the Circuit Court of St. Louis County, because of "improper venue and fraudulent joinder of defendants, George E. Wagner and Mrs. George E. Wagner." It was the position of the defendants in the trial court (and their contention here) that plaintiff had no claim for relief against the Wagners but improperly and fraudulently made them defendants so that she could file and maintain a suit against defendant Crockett in St. Louis County. The motions to dismiss were sustained. Thereafter, plaintiff duly filed a motion to set aside the said order of dismissal and said motion was overruled. Plaintiff has appealed.

Plaintiff's petition alleged that: "At all times hereinafter mentioned defendant Crockett was the owner of a hotel at Westphalia, Missouri; that defendants George E. Wagner and Mrs. George E. Wagner were at all times in charge of the hotel and operating the same for and on behalf of defendant Crockett and themselves." That "on or about the 12th day of July 1957, plaintiff was an invitee of the defendants and while walking in the lobby of the said hotel, she was caused to slip and fall, as a direct result of the negli-gence and carelessness of the defendants, and each of them, in causing, suffering and permitting greasy and slippery substances to be placed on the floor there, and in failing to remove the same and in failing to warn of the presence thereof; that as a direct result of the negligence and carelessness of the defendants, as aforesaid, plaintiff was caused to slip and fall and suffer serious and permanent injuries about her head, face and body, all to plaintiff's injury and damages in the sum of thirty-five thousand dollars ($35,000.00), for which sum, together with her costs, she prays judgment against the defendants."

The general venue statute, Section 508.-010 (all statutory references are to RSMo 1949, V.A.M.S.), provides that "Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county * * *." We think it is obvious that the petition herein states a claim for relief against all of the defendants jointly. Therefore, since two of the defendants reside and were served in St. Louis County, it would appear upon the face of the petition and from the facts heretofore stated that the circuit court of that county had acquired jurisdiction over all the defendants in this action.

It has been said, however, that "It would be a very dangerous doctrine, indeed, and one utterly destructive of the valuable rights conferred upon litigants by Section 871, RSMo 1939, Mo. RSA § 871, if this court should countenance a practice whereby a plaintiff could, by stating a paper case against the resident defendant, force a nonresident to submit to the jurisdiction of the court, when in truth and in fact the plaintiff had no cause of action against the resident defendant, either because no factual basis could exist to support an honest belief on plaintiff's part that he had a cause of action against the resi-

dent defendant, or that upon the conceded facts, as in the case at bar, no action could be brought against him. When the issue is raised by a proper plea, as was done in the instant case, the court should look behind the mere ingenuity of pleading, and scrutinize the facts to ascertain the propriety of the joinder of the defendants." Diehr v. Carey, 238 Mo.App. 889, 191 S. W.2d 296, 300. Moreover, Section 509.-290 provides that "1. The following objections and other matters may be raised by motion whether or not the same may appear from the pleadings and other papers filed in the cause: * * * (2) Lack of jurisdiction over the person; (3) improper venue; * * *. 2. The grounds of any of the above may be supplied by affidavit and may be controverted by opposing affidavit * * *."

Defendants filed affidavits signed by Mr. and Mrs. Wagner and Mr. and Mrs. Crockett in support of their motions. In those affidavits it is stated that Mrs. Wagner and Mrs. Crockett are sisters; that Mr. and Mrs. Crockett are the sole owners of the Crockett Hotel, Westphalia, Missouri; that on June 29, 1957, the Wagners went to the Crockett Hotel to spend a two-weeks' vacation; that on July 12 the Crocketts were gone for the day and Mrs. Crockett's sister, Delia Horstdaniel, was in charge of the hotel and that neither of the Wagners were in charge of it; that neither of the Wagners had at any time during their two weeks at the hotel washed, mopped, swept, or done anything to the floor of the lobby of the hotel; that during their stay at the hotel the Wagners were guests of the Crocketts and did not receive any compensation from the Crocketts; that at no time did either of the Wagners act as agents for the Crocketts in any manner.

Plaintiff, in opposition to the motion to dismiss, filed the affidavits of Charles Lichterman, plaintiff's son, Rena Lichterman, plaintiff's daughter, and Selma Cohen,

plaintiff's sister, all of whom stated that they were with plaintiff at the Crockett Hotel at the time plaintiff slipped and fell in the lobby thereof. It appears in the affidavit of Rena Lichterman (and also the others) that after plaintiff fell "a man came to assist my brother Charles in lifting my mother off of the floor and onto a settee that was in the lobby. This man identified himself as George Wagner and stated that the owner of the hotel was away, and he and his wife were left in charge of the hotel; that he had placed oil on the lobby floor but that before he had time to mop up the same my mother entered the hotel."

■ "The court will not require a showing that the plaintiff must ultimately succeed in the action. If at the time plaintiff files his petition he has evidence of witnesses who will sustain the allegations of his petition against the resident defendant, the fact that circumstances may deprive him of his evidence at the trial will not justify a dismissal as to the non-resident defendant, but if from the existing state of the law and the facts it is clear that the resident defendant can be liable to the plaintiff on no reasonable legal ground, and that plaintiff knew or must be presumed to have known such to be the case, then the joinder as a co-defendant of such person cannot be justified, and is explainable only as having been pretensively made to bring into the jurisdiction one who could not otherwise have been subjected to the court's jurisdiction." Diehr v. Carey, supra, 191 S.W.2d 301. Although it dealt with the allegations appearing in the petition, we think the following is also applicable: "* * * it is a well-established rule of law that where the cause of action sued on did not accrue in the county where the suit is brought, and where there are several defendants, some resident of the county where suit is brought, and others not resident, it is essential to the court's jurisdiction that the petition state a cause of action against one of the resident defendants." Liechty v. Kansas City Bridge

Co., Mo.Sup., 162 S.W.2d 275, 278. See also State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, and Willey v. Fyrogas Co., 363 Mo. 406, 251 S.W.2d 635.

Our consideration of the authorities cited has caused us to conclude that the dismissal upon the ground of fraudulent joinder and lack of proper venue was not warranted unless it appeared from the pleadings, record and affidavits, as a matter of law, that plaintiff, in fact, had no claim for relief against either of the Wagners, i. e., the resident defendants. As heretofore stated, it appears in the affidavits filed by plaintiff that defendant George E. Wagner, immediately after plaintiff had slipped and fallen on the floor of the lobby, had stated that "he had put oil on the floor of the lobby but had not had time to remove it" before the casualty. We think it may also be inferred from the various affidavits that he had not warned plaintiff. In view of the alleged admission of defendant George E. Wagner, as quoted above, it certainly may not be said as a matter of law that plaintiff had no claim for relief against him.

It follows from what we have said that the joinder of defendant George E. Wagner was not pretensive and fraudulent and hence the venue was appropriately in St. Louis County and the trial court accordingly erred in its sustention of the motions to dismiss.

Reversed and remanded.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.