William H. EBLING, Fred J. Ebling, and Freda Ebling Euler, Plaintiffs-Appellants,

v.

Lora Hanks HARDESTY and Lora Hanks Hardesty, Executrix of the Purported Last Will and Testament of Clifford Albert Ebling, Deceased, and Richard C. Hardesty, Defendants-Respondents.

No. 30932.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied March 19, 1962.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for plaintiffs-appellants.

Edward H. Tenney, Jr., Robert Lee Smith, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

Plaintiffs appeal from a judgment of the court sustaining defendants' motions to dismiss and to strike their petition. Their action was one to contest the validity of the will of Clifford Albert Ebling, who died in the City of St. Louis on November 13, 1959. The will in question, set out in full in plaintiffs' petition, was dated November 6, 1959, and left the testator's entire estate to defendant Lora Hanks Hardesty, or in the event she predeceased the testator, then to defendant Richard C. Hardesty. It was admitted to probate by the Probate Court of the City of St. Louis on December 4, 1959, and in accordance with its terms, Lora Hanks Hardesty was appointed executrix. In addition to reciting the foregoing facts in their petition, plaintiffs alleged that they were the half-brothers and half-sister of the deceased and his only heirs at law; that defendant Lora Hanks Hardesty was not an heir at law of the deceased, was not a blood relative, and was a niece by marriage, and that defendant Richard C. Hardesty was her husband; and that the purported will was invalid because at the time of its execution the testator did not have testamentary capacity (for various stated reasons), and also because the defendants had procured

its execution by the use of coercion and undue influence. The prayer was that an issue be made up as to whether the paper writing was the last will and testament of the deceased, that it be declared not to be such, and that it be set aside and the decedent held to have died intestate.

To this petition the defendants filed two motions. The first was a motion to dismiss, on the grounds that the petition failed to state facts sufficient to constitute a cause of action against defendants. The second was denominated a "Motion to Strike for Lack of Interest in Plaintiffs." In it defendants alleged that in addition to the will admitted to probate, the deceased had executed five prior wills, in 1932, 1942, 1951, 1952, and 1954, in none of which were plaintiffs, or any one of them, named as a legatee or devisee; that plaintiffs therefore had no interest in deceased's will, were not proper parties to the action, and had " * * * failed to show any capacity to maintain such purported cause of action herein. * * *"

A hearing on defendants' motions was held on March 29, 1961. By timely and appropriate motions plaintiffs objected to any evidence being introduced in support of the motions, and properly objected to all evidence as it was offered, all of which were overruled. Defendants were permitted to introduce in evidence, as their Exhibit 2, a purported will executed by the deceased on May 11, 1954. Miss Mollie C. Rickey, an attorney, was permitted to testify that she had drawn five wills for the deceased between 1942 and 1959, and that she witnessed his execution of the 1959 and 1954 wills. She also identified her office carbon copy of a will she testified the deceased executed on May 4, 1942, and on the basis of her testimony that it was her practice to " * * * return the original (will) to the person and then he destroys it," and that she had been unable to find the original, the carbon copy of the 1942 will was admitted into evidence as defendants' Exhibit 3. Plaintiffs were not named in either defend-

ants' Exhibits 2 or 3. Further, after stating that she could not find the originals or copies of the 1951 and 1952 wills, Miss Rickey was permitted to testify that no provision had been made for any of the plaintiffs in either of those two wills. J. M. Bristow, another witness to the purported will of 1954, was allowed to testify that he saw the deceased execute that paper writing, and that he had signed as a witness.

In its order and judgment sustaining defendants' motions to dismiss and to strike the court held that plaintiffs were never legatees under any of the five wills of the deceased which were in effect from 1942, that they were strangers to the estate of the deceased, and that they were not parties having the requisite interest under the statute to contest the will in issue.

■ The statute to which the court had reference is Section 473.083 RSMo 1959, V.A.M.S., which provides that " * * * any person interested in the probate of a will * * * " may contest its validity. It is obvious from an examination of plaintiffs' petition that it contained all elements necessary to constitute a cause of action to contest a probated will, including the allegation that they were the only heirs at law of the testator and therefore interested in the 1959 will which had been admitted to probate. Defendants in their brief do not contend otherwise. Civil Rule 55.33, V.A.M.R., provides in effect that the failure of a petition to state a claim upon which relief can be granted may be raised by a motion to dismiss when the objections " * * * appear on the face * * * " of the petition. Since defendants' contention that plaintiffs were not interested in the 1959 will because they had not been named as legatees or devisees in the prior wills did not appear on the face of plaintiffs' petition, defendants' first motion, to dismiss for failure to state facts sufficient to constitute a cause of action, should have been overruled. Pogue v. Smallen, Mo., 285 S.W.2d 915; Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644.

■ Defendants' second motion was termed a motion to strike, but by it defendants requested the court to strike plaintiffs' entire petition. While it has been held that a pleading which states no cause of action is open to a motion to strike, it will not lie where, as here, the petition on its face states a claim for which relief can be granted. In re Sheldon's Estate, 354 Mo. 232, 189 S.W.2d 235. Since the motion attacked plaintiffs' legal capacity to sue, for a reason which did not appear on the face of plaintiffs' petition, defendants' motion in effect was a motion to dismiss on the grounds that each "plaintiff has not the legal capacity to sue." Civil Rule 55.31(7).

■ The stated grounds of the motion was that plaintiffs were not interested in the probate of the will of November 6, 1959, as required by Section 473.083, because they had not been named as beneficiaries in any of the prior wills executed by the testator. It may be conceded, as contended by defendants, that the interest referred to by the statute must be a financial interest in the estate, and one which would be benefited by setting the will aside. State ex rel. Damon & Ewald v. McQuillian, 246 Mo. 674, 152 S.W. 341. It may likewise be conceded, as defendants maintain, that in a will contest it is a jurisdictional requirement that the contestant allege that he has a direct pecuniary interest in the will admitted to probate. Palm v. Maguire, 347 Mo. 189, 146 S.W.2d 636. But what defendants overlook is that plaintiffs' petition amply met both of these tests. They alleged that the last will, dated November 6, 1959, which had been admitted to probate, was invalid, that they were the only heirs at law of the testator, and that as such they were entitled to the estate. This was amply sufficient to show their financial and direct pecuniary interest.

The theory underlying defendants' motion, of course, was that even though plaintiffs prevailed in their efforts to set aside the last or 1959 will, they would still not be interested parties because they were not

named as beneficiaries in any of the five prior wills. Thus we come to the basic issue in the case, of whether by means of a motion to dismiss the defendants could interpose those purported wills to defeat plaintiffs' action. The 1954 and prior wills were not mentioned in plaintiffs' petition. That fact, however, is not determinative, because by Civil Rule 55.31, V.A.M.R., ten enumerated objections, and "other matters", may be raised by a motion to dismiss whether or not such grounds appear on the face of the pleadings, and the trial court is authorized to receive proof of matters raised by motion. In this regard a motion to dismiss has been said to perform the office of a "speaking" demurrer. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69; McLaughlin v. Neiger, Mo.App., 286 S.W.2d 380. Thus the plea of res judicata may be (but is not required to be) raised in a motion to dismiss. Roberts v. Epicure Foods Co., Mo., 330 S.W.2d 837; Hamilton v. Linn, supra. And a motion to dismiss has likewise been employed to raise other matters not appearing on the face of the pleadings, in much the same manner as what was once termed a plea in abatement. See Lichterman v. Crockett, Mo., 331 S.W.2d 607; State ex rel. McCarter v. Craig, Mo., 328 S.W.2d 589; State ex rel. Reeves v. Brady, Mo., 303 S.W.2d 22; Pogue v. Smallen, Mo., 285 S.W.2d 915; Darr v. Darr, Mo.App., 287 S.W.2d 118.

█ The decisions make it clear, however, that the motion to dismiss on grounds not appearing on the face of the pleadings may be employed only when such matters are not controverted. Lichterman v. Crockett, supra; Roberts v. Epicure Foods Co., Mo., 330 S.W.2d 837; State ex rel. McCarter v. Craig, supra; Pogue v. Smallen, Mo., 285 S.W.2d 915; Metcalf v. American Surety Co. of N. Y., 360 Mo. 1043, 232 S.W.2d 526; McLaughlin v. Neiger, Mo. App., 286 S.W.2d 380; Finch v. Edwards, 239 Mo.App. 788, 198 S.W.2d 665. And where the objections raised by the motion to dismiss are controverted the motion will

not lie. Lichterman v. Crockett, supra; Roberts v. Epicure Foods Co., supra; McLaughlin v. Neiger, supra; Finch v. Edwards, supra. Had these plaintiffs undertaken to meet and overcome the purported 1954 and prior wills, they would in effect have had to try five will contests in order to establish their right to maintain the instant action. This would have been putting not one, but five, carts before the horse.

█ Furthermore, in order to hold that the plaintiffs were not interested parties under the 1959 will it was necessary for the court, in effect, to hold that one or more of the five prior paper writings were valid wills. This was beyond its jurisdiction. The probate courts have exclusive original jurisdiction over the probate or rejection of wills and the circuit courts have only derivative jurisdiction. Davis v. Davis, Mo., 252 S.W.2d 521; Davis v. Davis, Mo., 284 S.W.2d 575. Whether the purported will of 1954, or any of the prior ones, is to be probated or rejected as the last will and testament of the testator is a matter for future determination. The circuit court, its jurisdiction being derivative, may not determine that issue in the first instance in this proceeding. Davis v. Davis, Mo., 252 S.W.2d 521, 523; Breeding v. Pack, Mo., 164 S.W.2d 929; Fletcher v. Ringo, Mo., 164 S.W.2d 904.

The judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

RUDDY, Acting P. J., and WOLFE, J., and SAM C. BLAIR, Special Judge, concur.