**Revella Price STEINBERG et al.,
Appellants,**

v.

**ST. LOUIS UNION TRUST CO.,
Respondent.**

**No. 35034.**

Missouri Court of Appeals,
St. Louis District.

Nov. 20, 1973.

Liberman, Baron, Goldstein & Freund, St. Louis, for appellants.

Shifrin, Treiman, Schermer & Gallop, Robert H. Kubie, St. Louis, for respondent.

CLEMENS, Acting Presiding Judge.

Defendant has moved to dismiss this appeal as being untimely filed and for incompleteness of the transcript. We have considered these motions and deny them for lack of merit.

Plaintiffs appeal from an order dismissing their petition and from the court's failure to grant plaintiffs leave to file an amended petition.

Suit was filed October 27, 1970 by the heirs of Milton Price against the defendant-executor of the estate of Appollonia Price. Plaintiffs contended defendant-executor had withheld valuable items rightfully belonging to devisee Milton Price and that being the heirs of Milton Price they are entitled to the property.

Plaintiffs filed their first amended petition on August 4, 1971. Defendant answered the petition and filed interrogatories. August 23, 1972 defendant moved to dismiss plaintiffs' first amended petition on two grounds: failure to timely answer defendant's interrogatories and failure to state a claim upon which relief could be granted on the technical grounds the five plaintiffs had merely alleged themselves to be the "heirs of Milton Price, deceased" without pleading facts to show their relationship "to the subject matter of the litigation."

Later, on November 6, 1972, plaintiffs answered defendant's interrogatories and then lodged with the court their second amended petition. The court neither granted nor denied plaintiffs leave to so amend [1] but did note thereon "approved for filing." On December 1, 1972 plaintiffs appealed from the order dismissing their petition and from "the court's refusal to grant plaintiffs leave to file their amended petition."

 The status of plaintiffs' second amended petition is unclear. The court dismissed the first amended petition without stating the dismissal was without prejudice. Ordinarily that is construed as a dismissal with prejudice (Rule 67.03, V.A. M.R.) and would preclude an amended petition. On the other hand, the court marked the second amended petition "approved for filing," which seems to indicate it was granting plaintiffs leave to so amend. We find it unnecessary to resolve this dilemma since we have concluded the trial court *should* have granted leave to file the second amended petition when presented.

Rule 67.06 provides that upon sustaining a motion to dismiss a claim "the court shall freely grant leave to amend." "A [trial] court should not arbitrarily refuse to grant leave to amend a petition held to be insufficient." Cady v. Hartford Accident and Indemnity Co., 439 S.W.2d 483[7] (Mo. 1969). "Amendments are now unlimited in scope and, in the absence of prejudice to other parties or harmful consequences of delay [and we find neither here], courts should be extremely liberal in permitting them." Stewart v. Stewart, 277 S.W.2d 322[7] (Mo.App.1955). As said above, plaintiffs' second amended petition should be considered as having been filed with leave and it is therefore unnecessary to rule upon the sufficiency of the first amended petition.

The cause is remanded with directions to treat plaintiffs' second amended petition as being filed with leave and to grant defendant appropriate time to plead thereto.

McMILLIAN and GUNN, JJ., concur.

1. Rule 55.53 provides that ordinarily "a party may amend his pleading only by leave of court" but "leave shall be freely given when justice so requires."