HOUSE OF TOOLS AND ENGINEER-
ING, INC., Appellant,

v.

Walter K. PRICE III, Respondent.

No. 34991.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 18, 1973.

Voorhees & Summers, Matthew M. McCarthy, St. Louis, for appellant.

Sullivan & Watkins, Clayton, for respondent.

CLEMENS, Acting Presiding Judge.

Plaintiff corporation sued to enjoin defendant, its former employee, from competing with plaintiff in violation of defendant's post-employment covenant. The trial court denied relief and plaintiff appeals. We reverse and remand.

Plaintiff distributes pneumatic and hydraulic tools in parts of Missouri and Illinois and therein is distributor for the Cleco line of pneumatic tools. Only five or six other companies manufacture pneumatic tools, the largest of which is Chicago Pneumatic Tool Company, defendant's present employer.

On November 1, 1967 plaintiff employed defendant as a salesman. At that time defendant signed a "Restrictive Covenant Agreement," agreeing that for three years after employment by plaintiff he would not engage in competitive business within the Missouri-Illinois territory.

Defendant continued as plaintiff's salesman for four years. While so employed defendant sold tools carried by plaintiff, including pneumatic tools in the Cleco line. Plaintiff sent defendant to training schools and gave him on-the-job training; provided defendant names of customers, contacts in each plant, sales records and sales analyses of all customers and other salesmen's information of those customers in his territory.

Soon after being discharged by plaintiff, a competitor, the Chicago Pneumatic Tool Company, employed defendant to sell pneumatic tools in the same area he covered while selling for plaintiff. Defendant began calling on the same customers he had served while selling for plaintiff.

At the close of evidence, the trial court denied plaintiff's petition for injunction. Plaintiff appealed, raising two issues: (1) Whether the restrictive covenant is enforceable as a valid restraint of trade and (2) whether it is ambiguous and therefore unenforceable.

■ Post-employment restrictions have been considered in many Missouri cases. They are generally considered to be in restraint of trade but a valid means of protecting employers if certain requirements are met. An early case of such a restriction was City Ice & Fuel Co. v. Snell, 57 S.W.2d 440 (Mo.App.1933) wherein defendant-employee agreed that for one year following termination of employment he would not sell, solicit or deliver ice, coal or fuel oil in the area. The trial court refused to enjoin defendant but the appellate court reversed, holding the contract valid. The court held such restrictions are valid if limited as to time, place and purpose and are not void for "want of mutuality, are not against public policy, and are not void on the ground of restraint of trade." An employer has a protectible and proprietary right in his "stock of customers" and in their good will. Mills v. Murray, 472 S.W.2d 6, 1. c. 11 (Mo.App.1971). See Prentice v. Rowe, 324 S.W.2d 457 (Mo.App.1959) and American Pamcor, Inc. v. Klote, 438 S.W.2d 287 (Mo.App.1969).

■ Here, the restrictive covenant was limited as to time and place. Defendant agreed he would not compete for three years in the geographical area he serviced for plaintiff. The issue here is the requirement that the restriction be reasonable and necessary for the protection of the employer. The question of reasonableness of a restraint requires "a thorough consideration of surrounding circumstances, including the subject matter of the contract, the purpose to be served, the situation of the parties, the extent of the restraint, and the specialization of the business." Harrington, Inc. v. Frick, 428 S.W.2d 945 (Mo. App.1968). Although a covenant not to compete is not favorably regarded, the question of reasonableness is one of law according to the subject matter of the covenant and the existing circumstances. Mills v. Murray, *supra*.

■ Defendant signed the agreement containing the restrictive covenant when employed. He became acquainted with plaintiff's customers and was given extensive information on each customer. Plaintiff introduced defendant to its customers and defendant visited and entertained them at plaintiff's expense. Defendant's association with plaintiff's customers was valuable both to defendant and to his new employer. We hold plaintiff had an interest to protect in securing the restrictive covenant.

■ Defendant contends that because no trade secrets are involved plaintiff does not have a protectible interest. The existence of trade secrets as evidence of enticing customers from a former employer is sometimes relevant but not essential to injunctive relief. Prentice v. Rowe, 324 S. W.2d 457 (Mo.App.1959).

■ Defendant contends the covenant is unenforceable because the phrase "may be binding" in the third paragraph [1] is ambiguous. If a contract is fairly open to two interpretations that construction must be adopted which is against him who prepared it, but an essential part of this rule is that the contract must be reasonably and fairly susceptible to different interpretations to be ambiguous. Engel v. Cord Moving and Storage Company, 313 S.W.2d

---

1. "(3) The undersigned does hereby covenant that he has read this document and is familiar with the contents contained herein and recognizes fully that same may be binding upon him."

173 (Mo.App.1958). If the terms are clear and unambiguous, the contract will be given effect in accordance with its terms and without resort to construction to determine the intent of the parties. Leggett v. Missouri State Life Insurance Co., 342 S.W.2d 833 (Mo.1960).

The language used here indicates the covenant agreement may be binding on defendant at plaintiff's option. Certainly plaintiff is not obligated to enforce the agreement but the covenant may be binding on defendant if plaintiff chooses to enforce it.

Since the agreement is clear on its face, we hold the covenant unambiguous.

The judgment is reversed and the cause remanded with instructions to issue the permanent injunction as prayed.

McMILLIAN and GUNN, JJ., concur.