STATE of Missouri ex rel., CHARLES F. VATTEROTT COMMERCIAL PROPERTIES, INC., Relator,

v.

Honorable Fred RUSH, Judge of the Circuit Court of St. Charles County, Missouri, Respondent.

No. 40077.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer Denied Oct. 13, 1978.

Sumner, Hanlon, Sumner, McDonald & Nouse, P.C., Donald R. Carmody, John E. Hilton, St. Louis, for relator.

Paul F. Niedner, St. Charles, for respondent.

CLEMENS, Presiding Judge.

In this proceeding in mandamus the relator, Charles F. Vatterott Commercial Properties, Inc., seeks a writ of mandamus compelling respondent, Honorable Fred Rush, to grant relator leave to amend its second amended answer by pleading the statute of limitations. For reasons herein stated we conclude our alternative writ of mandamus was improvidently issued and we order it discharged.

On October 27, 1975 Standard Drug Company, Inc., filed a suit in St. Charles County against St. Andrews Plaza, Inc. for a breach of a lease executed March 2, 1967 but by its terms was not effective until the building was ready for occupancy. Plaintiff Standard Drug Company, Inc., the lessee, alleged St. Andrews Plaza, Inc., the defendant-lessor, had failed to furnish an air conditioned building.

By its petition for mandamus relator contends it was entitled to amend its second amended petition by alleging the statute of limitations and seeks our writ to compel respondent to grant leave to so amend, contending his refusal to allow the amendment was an abuse of judicial discretion. Relator relies on Rule 55.33(a), VAMR 1969, permitting a party to amend its pleading only by leave of court, after the time for amending as a matter of course has expired, but providing that such leave " . . . shall be freely given when justice so requires. . . . "

To grant this writ of mandamus we must conclude respondent-judge abused his discretion in denying relator leave to amend. To do so we must find his ruling was "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of

justice and indicate a lack of careful consideration." *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446[2] (Mo.banc 1976). The *Shirrell* court then added: "When appellate courts are called upon to apply this test, it is well to heed the words: 'If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.'"

Respondent's challenged order denying defendant (relator) leave to amend its second amended answer was entered January 8, 1978. When respondent-judge made that order—the one relator now assails—the following salient facts were apparent to him:

February 27, 1976. Defendant had answered and the case was at issue.

August 11, 1976. Without objection, the cause was certified ready for trial and set for trial on December 22, 1976 (but not then reached).

March 7, 1977. Cause re-set for trial on April 14, 1977 (but not then reached).

May 31, 1977. Defendant granted change of judge.

June 10, 1977. After the cause had been at issue for 15 months, defendant's first motion to amend its second amended answer, by pleading the statute of limitations, was denied as untimely. (Defendant could *then* have sought mandamus relief.)

November 7, 1977. Cause re-set for trial on December 22, 1977.

December 22, 1977. Special judge denied defendant's renewed motion to amend by pleading the statute of limitations, but continued the case to allow defendant 30 days to apply for mandamus—which defendant did not do.

December 28, 1977. Defendant again moved to amend by pleading the statute of limitations.

January 6, 1978. Respondent denied motion to amend.

February 3, 1978. Defendant filed its petition for mandamus.

Confronted with the defendant's challenged motion to amend on January 6, 1978 the respondent-judge could see from the record that: Plaintiff's cause had been at issue and ripe for trial since February 6, 1976; the cause had twice been set for trial; defendant had waited fifteen months after it answered to seek to amend by pleading the statute of limitations; it took no action after the June 10, 1977 denial of leave to amend until the date of trial six months later; on December 22, 1977 when the cause came on for trial defendant was granted a thirty-day continuance to apply to this court for mandamus, but did not do so; instead, defendant again unsuccessfully sought to amend, and only then sought our writ of mandamus.

The challenged order denying leave to amend was a discretionary ruling. From this record the respondent-judge could well have concluded that although plaintiff had diligently sought to bring its case to trial, defendant had persistently sought to avoid trial. We cannot conclude the respondent-judge's ruling is so illogical and arbitrary that it shocks our sense of justice. We therefore rule our preliminary writ was improvidently issued and it is ordered discharged.

SMITH, J., concurs.

McMILLIAN, J., dissents in separate opinion.

McMILLIAN, Judge, dissenting.

I respectfully dissent. The trial court's refusal to permit relator to amend its petition is clearly contrary to the liberal policy of allowing amendment of pleadings and thus, is an abuse of discretion. Rule 55.-33(a), V.A.M.R., 1969, permits a party to amend its pleading only by leave of court, after the time for amending as a matter of course has expired. The rule explicitly states, however, that such leave "shall be freely given when justice so requires. . . ." As the author of today's majori-

ty opinion stated in *Steinberg v. St. Louis Union Trust Co.,* 502 S.W.2d 442 (Mo.App. 1973), this rule is to be liberally construed:

"'A [trial] court should not arbitrarily refuse to grant leave to amend a petition held to be insufficient' . . . 'Amendments are now unlimited in scope and, in the absence of prejudice to other parties or harmful consequences of delay . . . courts should be extremely liberal in permitting them . . . .'"

The standard enunciated in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) delineated factors to be considered in deciding when to permit amendments:

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given'."

In analyzing the present case in light of these factors, it is important to bear in mind that "[t]he most frequent reason for denying leave to amend is that the opposing party will be prejudiced. . . ." *DeArmon v. City of St. Louis,* 525 S.W.2d 795, 802 (Mo.App.1975). In the case at bar, no prejudice will result to Standard Drug Company if relator is allowed to file its second amended answer. Because it has been fully apprised for several months of relator's intention to assert the defense of statute of limitations if leave of court could be obtained, Standard Drug Company could hardly claim surprise at being confronted with this additional defense. Nor would amendment of the pleadings work a hardship on plaintiff for at the time respondent denied relator's motion for leave of court to amend the case was not even on a trial docket (this case was called February 6, 1978, and set for trial March 22, 1978— which obviously did not happen as the case was on appeal) thus plaintiff had ample time prior to trial to prepare itself for the defense of the statute of limitations.[1] Moreover, under the circumstances of the present case, the particular defense which relator sought to add, that respondent's cause was barred by the statute of limitations, would not have significantly increased respondent's trial preparation in the manner in which other defenses, such as contributory negligence, would have by necessitating additional extensive discovery.

As for some of the other factors listed in *Foman,* it is obvious that amendment of the pleadings would not be futile since the statute of limitations defense could be crucial in this case. Additionally, there is no evidence of bad faith or dilatory tactics on the part of relator.[2]

The purpose of permitting amended pleadings is to enable a case to be decided

---

1. The relator originally sought to amend its pleading in June, 1977, before the case was set for trial, and six months before the case was eventually scheduled for trial. Although the motion to amend was denied at this time the plaintiff was thereafter put on notice that statute of limitations was a relevant issue. In December, 1977, when the trial began, the relator again made a motion to amend his answer. Making the motion at this time was a reasonable precautionary tactic ensuring that the relator would not be deemed to have waived his desire to amend. Because the plaintiff was aware six months before trial that the statute of limitations was a relevant problem, it is inaccurate to intimate, as plaintiff does, that

because the motion was made on the first day of trial he was caught off-guard.

2. In fact the relator acted about as promptly as any party can be expected. The majority states that relator waited fifteen months after it answered to seek to amend by pleading the statute of limitations. However, almost one year after the first defendant filed its answer the present relator was substituted in the place of the original defendant. Within four months after entering the case, the relator determined that the Statute of Limitations was an applicable affirmative defense even though it was omitted from the answer filed by the prior defendant, and sought to amend the answer accordingly. Such a delay by a party brought

on the merits, and not on mere technicalities. *United States v. Houghman,* 364 U.S. 310, 317, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). By denying the relator an opportunity to amend its pleading, the trial court frustrated this purpose of Rule 55.33(a).[3]

For the foregoing reasons, I would order that the alternative writ be made peremptory.

---

into a case after it commenced can scarcely be termed "undue" or "dilatory."

3. The local court rule specifies that "[a]fter a case has been placed on the trial docket or set for trial no pleading may be amended except by leave of court, and such leave will be granted only upon a showing of due diligence in requesting such leave at the earliest practicable time." Rule 9, Rules of Procedure, Eleventh Judicial Circuit. In addition to frustrating the policy of permitting liberal amendment of pleadings and thus reaching the merits of each particular case, this local rule, in my opinion, conflicts with our Supreme Court Rule 55.33(a) which does require leave of court or the consent of the adverse party to amend after the first amendment but specifically states that "leave shall be fully given when justice so requires." This standard is quite different from that contained in the local rule, as illustrated by the facts in the present case. I would argue that Rule 55.33(a) and the policy of amendment stated therein should control.