**TERRE DU LAC PROPERTY OWNERS'
ASSOCIATION, INC., A Corporation,
Plaintiff-Respondent,**

v.

**William Clay WIDEMAN and Dorothy
M. Wideman, Defendants-Appellants.**

No. 45888.

Missouri Court of Appeals,
Eastern District,
Division Six.

July 19, 1983.

Dennis E. McIntosh, Farmington, for defendants-appellants.

Geoffrey L. Pratte, Farmington, for plaintiff-respondent.

KAROHL, Judge.

Defendants Mr. and Mrs. Wideman appeal from a permanent injunction forbidding the use of their home in a platted subdivision for commercial purposes and requiring the removal of a sign advertising the family construction business from their front lawn. The suit for injunction was brought by plaintiff-respondent Terre Du Lac Property Owners' Association, Inc., a Missouri not-for-profit corporation composed of the residential development lot owners. Three issues were raised on appeal: (1) plaintiff failed to prove that defendants did not have written permission to have an advertising sign on the front lawn; (2) the trial court should have granted defendants leave to amend their answer to include the affirmative defense of statute of limitations as the issue was tried by implied consent of the parties; and (3) the

injunction is overly broad. We affirm the judgment and modify the injunction to enjoin only public activities that violate the terms of the original subdivision restrictive covenant.

In 1971 defendants Mr. and Mrs. Wideman purchased property and built a home in the Terre Du Lac Development, a residential lake subdivision subject to recorded restrictive covenants. The restrictions provide that the lots in the development are to be used exclusively for residential purposes, prohibit noxious or offensive trade or activity on the lots and prohibit the display of any signs on any lot without written permission of the developers. In late 1976 defendants erected an electric sign on their front lawn advertising the family construction business. The sign is approximately 2 feet by 4 feet and is attached to two metal poles placed in concrete but could be removed in a few hours. Defendants claimed that they had written permission from the developer to erect the sign. In late 1979 or early 1980 the Widemans began storing construction vehicles on their lot and a neighbor's lot. In September, 1980, defendants began to store and display swimming pools on their lot. In response to this activity, in December 1980, plaintiff-respondent Terre Du Lac Property Owners' Association, Inc., filed suit seeking a permanent injunction based on the restrictive covenants enjoining defendants from conducting business on their property and to have the sign and construction equipment removed from the lot.

1. Defendants argued this section but the trial court found this section inapplicable as the electric sign and the equipment in the yard are not visible improvements. The trial court, relying on *McLaughlin v. Neiger*, 286 S.W.2d 380, 384 (Mo.App.1956) concluded that § 516.010 RSMo 1978 was the proper statute of limitations. Section 516.010 applies to actions for recovery of land, tenements or hereditaments. *McLaughlin* held that restrictive covenants are easements which run with the land and hence are hereditaments. 286 S.W.2d at 384. When a party brings suit to enforce the provisions of a restrictive covenant they are seeking to restore the easement to the land. *Id. See also* W. Welman, *Real Property—Covenants Running with the Land-Statute of Limitations on*

The case was tried on March 30, 1982. During the trial defendants attempted to amend the answer and plead the statute of limitations, § 516.095 RSMo 1978,[1] as a defense by proving that the sign had been on display for more than two years. Leave to amend the answer to plead this statute was denied. The trial court sustained plaintiff's objection to this evidence as defendants had not raised the statute of limitations as an affirmative defense in their answer.[2]

The trial court issued an injunction which prohibited: (1) the use of any building or structure on appellants' lot for commercial purposes, including having an office in the home; (2) the parking of construction vehicles in or around the lot; (3) the display of swimming pools on the lot; and (4) the erecting or display of any signs advertising a business.

The standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) applies in this case. The trial court judgment will be upheld on review unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law.

Terre Du Lac's restrictive covenants permit signs on subdivision lots only with the written permission of the developer. Defendants claimed to have such permission but never produced the document at trial.

Plaintiff has the burden of proof to show a violation of the restrictive covenant.

*Action for Breach of Restriction*, 22 Mo.L.Rev. 227 (1957).

Section 516.010 is a ten year statute of limitations. The Widemans purchased the property in 1971. The suit was filed in 1980. Section 516.010, the applicable statute of limitations, would not bar this suit.

2. At trial the defendants maintained that they had raised the statute of limitations prior to trial in their suggestions in support of their motion to dismiss. The suggestions in support of the motion were filed before the defendants' answer. The defendants were alert to the possibility of this defense prior to filing the answer but did not plead it.

*Brasher v. Grove,* 551 S.W.2d 302, 303–04 (Mo.App.1977); *Lake Development Enterprises, Inc. v. Kojetinsky,* 410 S.W.2d 361, 366 (Mo.App.1966). The presence of the sign in the yard would be a violation of the covenant unless the defendants had the developer's written permission. At issue is who had the burden of proof on the existence of the written permission.

If lack of permission is an element of the violation of the covenant plaintiff has the burden. *Lake Development Enterprises, Inc. v. Kojetinsky,* 410 S.W.2d 361, 366 (Mo.App.1966). If the existence of written permission is an affirmative defense [3] then the defendant has the burden of proof. *McLeod v. Marion Laboratories, Inc.,* 600 S.W.2d 656, 657 (Mo.App.1980). When a defendant admits the facts on plaintiff's petition but avers that plaintiff's theory of liability does not apply to the defendant because of additional facts that place the defendant in a position to avoid any legal responsibility for its action, the defendant must set forth such defense in the answer. *Layman v. Southwestern Bell Telephone Co.,* 554 S.W.2d 477, 480 (Mo. App.1977).

In this case the defendants admit that they have engaged in commercial use of their property but seek to avoid enforcement of the restriction as to the sign, claiming they have written permission for its display on their lot. Assuming arguendo, that defendants have written permission, they nonetheless cannot prevail because they failed to set forth this defense in their answer. *Layman v. Southwestern Bell Telephone Co.,* 554 S.W.2d 477, 480 (Mo.App. 1977). Moreover, defendants did not prove the existence of written permission or its scope if it did exist. As defendants failed to plead and meet the burden of proof on the existence of the written permission, which would have served either as an avoidance to the charge or as an affirmative defense, the injunction was the appropriate remedy to prevent the display of the sign. Defendants do not contend that it was inappropriate as to the vehicles and swimming pools.

Defendants do, however, argue that enjoining the sign was barred by § 516.095 RSMo 1978, the statute of limitations for violations of restrictive covenants applicable to the size, height, cost or location of buildings or other visible improvements. That statute does not apply as neither the electric sign nor the equipment in the yard were visible improvements. The appropriate statute of limitations, § 516.010 RSMo 1978 is a ten year statute of limitations which does not bar this suit.[4]

Defendants' argument that the trial court erred in refusing permission to amend the answer to include the affirmative defense of the statute of limitations fails for three reasons. First, as the defendants were relying on the wrong statute of limitations there was no reason to permit the amendment. Second, although the defendants maintained that the issue of a statute of limitations was tried by implied consent, the record indicates that plaintiff made repeated objections to questions in this area, which demonstrates that there was no implied consent. *Twiggs v. National Old Line Ins. Co.,* 581 S.W.2d 877, 881 (Mo.App.1979). Finally, granting leave to amend the pleadings is a matter within the discretion of the court. Decisions on this issue will not be disturbed unless the trial court has obviously abused its discretion, *Kopff v. Miller,* 501 S.W.2d 532, 535–36 (Mo.App.1973), and subverted justice. *Scott v. Dowling,* 636 S.W.2d 176, 178 (Mo. App.1982); *Clayton Brokerage Co. of St. Louis v. Lowrance,* 592 S.W.2d 218, 225 (Mo.App.1979). We cannot say that the trial court subverted justice when it denied the motion to amend the pleadings.

---

**3.** An affirmative defense attempts to defeat or avoid the other party's cause of action. *McDowell v. Schuette,* 610 S.W.2d 29, 36 (Mo.App. 1980). The existence of written permission in this case would avoid the cause of action for violation of the restrictive covenant as signs with written permission do not violate the covenant.

**4.** See note 1 *supra.*

An injunction is the appropriate remedy for violations of restrictive covenants. *Minton v. Lichtenstein*, 487 S.W.2d 43, 46 (Mo.App.1972). The trial court injunction was too broad, however. The injunction prohibited: "using Lot 21–2–1 or any part of it or any building or structure on said lot for commercial purposes, including, but not limited to, an office in their home." On its face, the injunction appears to prohibit defendants from keeping business records in the house or receiving phone calls there concerning the business. As such activities would not violate the restrictive covenant which merely requires that the lot be used exclusively for residential purposes, and by their nature cannot offend the neighbors, they should not be enjoined. An injunction should be narrowly framed to give the relief to which the parties are entitled but should not interfere with any legitimate or proper activities. *Commission Row Club v. Lambert*, 161 S.W.2d 732, 736 (Mo.App.1942); *Henson v. Payne*, 302 S.W.2d 44, 50 (Mo.App.1956). The injunction is therefore modified by striking the words following "commercial purposes," to wit: "including, but not limited to, an office in their home." Defendants' activities solely within the home which are not publicly discernable and can be carried out without violating the covenants are not enjoined.

The trial court's judgment is affirmed and the injunction modified in accordance with this opinion.

STEWART, C.J., and KELLY, J., concur.