**John A. BOHRMANN and Patricia M. Bohrmann, Plaintiffs-Appellants,**

v.

**Adolph SCHREMP, Jr. and Diane M. Schremp, Defendants-Respondents.**

**No. 47411.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 21, 1984.

Kenneth A. Leeds, St. Louis, for plaintiffs-appellants.

Robert J. Koster, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiffs appeal from a summary judgment for defendants founded upon a five year statute of limitations, § 516.120(5), RSMo 1969. We affirm.

The petition, filed May 10, 1978, alleged a cause of action for misrepresentation of the condition of the real estate defendants sold to plaintiffs on September 15, 1972. Defendants' original answer was a general denial with no mention of the statute of limitations affirmative defense. Plaintiffs' answers to interrogatories indicated that in November, 1972 they had discovered the "facts constituting the [alleged] fraud." § 516.120(5), RSMo 1969. On December 14, 1982, defendants filed a motion to dismiss based on the statute of limitations, and the motion was denied on April 18, 1983 by an associate circuit judge sitting by assignment.[1] Apparently, the court denied the motion because the defense had not been raised in the answer. Acting ex parte, a circuit judge granted defendants leave to file an amended answer, and they did so, raising the statute of limitations defense. Defendants then filed a motion for summary judgment based on the defense, and the motion was assigned to another associate circuit judge. Although plaintiffs moved to strike defendants' amended answer, they did not contest the merits of the defense. On May 16, 1983, the associate circuit judge overruled plaintiffs' motion to strike and granted defendants' motion for summary judgment.

The statute of limitations is an affirmative defense which generally must be pleaded and proven. *McNulty v. Heitman*, 600 S.W.2d 168, 173 (Mo.App.1980), Rule 55.08. Plaintiffs acknowledge that they filed suit six months beyond the period of

---

1. The motion to dismiss referred to the answers to interrogatories for its proof and thus was in essence a motion for summary judgment.

the statute of limitations. They contend, however, that defendants waived the defense by failing to plead it until four years after they filed their original answer, and that the trial court abused its discretion by ex parte granting leave to file the amended answer.

■ After the time for amending as of right has passed, as here, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice requires." Rule 55.33(a). The purpose of Rule 55.33(a) is to allow matters to be presented which were overlooked or unknown to the party when the first pleading was filed. *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 802 (Mo.App.1975). We will not overturn the trial court's decision whether to allow or deny amendment unless there has been an obvious and palpable abuse of discretion. *Terre Du Lac Property Owners Association, Inc. v. Wideman*, 655 S.W.2d 803, 806 (Mo.App.1983); *Scott v. Dowling*, 636 S.W.2d 176, 178 (Mo.App. 1982).

■ Although plaintiffs complain that the trial court should not have granted leave to amend ex parte, we find no authority which requires the court to hold a hearing before allowing amendment. Under some circumstances it may be preferable to have both parties present, but Rule 55.33(a) does not require it.

■ Trial courts are to be liberal in granting leave to amend when justice so requires. *Sims v. Freeman*, 641 S.W.2d 197, 198 (Mo.App.1982); Rule 55.33(a). The plaintiffs here did not file suit until five and one-half years after they discovered the alleged fraud and did not begin discovery as to these defendants until almost two and one-half years later. The record does not indicate extensive dis-

covery was performed. Two more years elapsed before the case was first set for trial. Plaintiffs fail to show good cause for a ten-year time period between discovery of the alleged wrong and the first trial setting.[2]

■ The purpose of the statute of limitations, the defense that defendants sought to raise, is to prevent the presentation of stale claims. *Ruhling v. Robert Dawes Construction Co.*, 610 S.W.2d 403, 406 (Mo.App.1980). Given the circumstances of this case we cannot say the trial court abused its broad discretion in allowing defendants to amend their answer in order to present the statute of limitations defense.

■ Although not argued by the parties there is an additional basis for our decision. The associate circuit judge assigned to decide the motion to dismiss was authorized to rule upon the merits of the affirmative defense of the statute of limitations prior to the amendment of the answer. The defense may be raised in a motion to dismiss. *Gramlich v. Travel Insurance Co.*, 640 S.W.2d 180, 184 n. 1 (Mo.App.1982); *Follmer's Market, Inc. v. Comprehensive Accounting Service Co.*, 608 S.W.2d 457, 458 (Mo.App.1980); *see Uber v. Missouri Pacific Railroad Co.*, 441 S.W.2d 682, 683 (Mo.1969); *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 569 (Mo.App.1983). Defendants alleged plaintiffs' answers to interrogatories in their motion to dismiss and the court could have treated it as a motion for summary judgment under Rule 74.04 and ruled on it at that time.[3]

Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.

---

**2.** Unlike *State ex rel. Charles F. Vatterott Commercial Properties, Inc. v. Rush*, 572 S.W.2d 864 (Mo.App.1978), cited by plaintiffs, the record does not indicate plaintiffs diligently sought trial while defendants sought to avoid trial. Also, in *Vatterott*, we upheld the trial court's exercise of its discretion as we do here.

**3.** Regardless of whether a defendant raises an affirmative defense in the answer, he or she should be permitted to raise the defense in a motion for summary judgment. 6 J. Moore, Moore's Federal Practice ¶¶ 56.11[3], 56.17[4], 56.17[58] (2d ed. 1948).