CHAMPION SPORTS CENTER, INC., et al., Plaintiffs–Respondents,

v.

Milton R. PETERS, Defendant–Appellant.

No. 54222.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 10, 1989.

Lewis & Rice, Richard A. Wunderlich, St. Louis, for defendant-appellant.

Briegel, Baylard, Patane & Arand, P.C., David L. Baylard and P. Daniel Billington, Union, for plaintiffs-respondents.

KAROHL, Judge.

Milton R. Peters [Peters] appeals a permanent injunction and award of attorney's fees in favor of respondents, Champion Sports Center, Inc., [Champion] James C. Krafft and James C. Krafft, Trustee. The injunction enforced a restrictive covenant included in a sale agreement when Peters sold his business to James C. Krafft. The court enjoined Peters from competing with Champion. Appellant claims the trial court erred in granting the injunction and in awarding attorney's fees. He argues the court should not have issued the injunction because: a) the restrictive covenant did not bar the operation of his new trophy business; b) Champion had no recognizable right to seek enforcement of the restrictive covenant; and c) the injunction was unreasonable because it did not specifically state the acts prohibited. We affirm.

On April 27, 1986 appellant, Milton R. Peters, and his wife, Celeste, sold Champion to James C. Krafft. The contract for sale of the corporation's stock contained a provision that appellant could not compete with the corporation in any manner for eight years in the Missouri counties of Franklin, Warren and Gasconade. In accordance with the terms of the contract, appellant sold respondents 10 of the 300 shares of stock in Champion for $1,000.

The sale agreement also contained a clause requiring the corporation to redeem the remaining 290 shares held by appellant. On May 2, 1986 the corporation executed a redemption agreement for the outstanding shares of stock for $24,000 plus ninety percent of the wholesale catalog price. The sale agreement was signed by Milton R. and Celeste Peters, James C. Krafft, James C. Krafft, Trustee, and Champion, by its president, M.R. Peters. The redemption agreement was also signed by Milton R. and Celeste B. Peters, and by the new president and secretary of the corporation, J.C. Krafft and Jennifer D. Krafft.

The contract for sale of stock described Champion as "a Missouri corporation engaged in the retail sale of sporting goods, equipment *and trophies.*" (Our emphasis). The agreement contained a restrictive covenant, which prohibited Peters from competing in business with Champion for a period of eight years. The restrictive covenant read as follows:

Each Seller agrees that for a period of eight (8) years after the closing, he or she will not, unless acting as an officer or employee of the Corporation, or with the Buyer's prior written consent, directly or indirectly own, manage, operate, join, control, or participate in or be connected as an officer, employee, partner, or otherwise with any sporting goods store or sporting equipment dealer within Franklin, Warren or Gasconade Counties in the State of Missouri, nor will either Seller compete in any manner with the Corporation in said area for said period of time. The Sellers acknowledge that the remedy at law for any breach by either of them of the foregoing will be inadequate, and the Corporation and the Buyer shall be entitled to injunctive relief.

Several months after signing the agreement, Peters initiated plans to open a business, Classic Awards, which was involved in the sale of trophies and awards. He proposed to operate this new business in Washington, Missouri. Washington is located in Franklin County, Missouri, one of the counties in which the restrictive cove-

nant barred appellant from competing with Champion.

Respondents filed a suit in equity seeking an injunction to prohibit appellant from operating Classic Awards. At the hearing, Mr. Krafft testified approximately fifty per cent of Champion was involved in the trophy and awards business. He stated that at the time he purchased the corporation, approximately twenty-five percent of the business consisted of the sale of trophies and awards. Mr. Krafft also testified Peters had attempted to sell him the corporation without the trophy business, and that he told the appellant "It's either all or none."

Peters admitted he had asked Mr. Krafft to buy the corporation without the trophy and award section, but Mr. Krafft refused and insisted that the trophy and award part of the business be included in the sale. Peters also testified that when he signed the contract for sale of stock he realized the restrictive covenant did not expressly prohibit him from operating a trophy business, and he therefore believed he was not prohibited from operating a trophy business. He also testified he first began planning to open a trophy and award business immediately after signing the contract for sale.

The court found the restrictive covenant prohibited Peters from operating a trophy and awards business, and issued an injunction prohibiting Peters from competing "in any manner" with Champion in Franklin, Gasconade and Warren Counties until May 1, 1994. In its Findings of Fact, Conclusions of Law and Judgment, the court stated:

> The language utilized by the parties ...of said contract clearly and unambiguously expresses the intent to prohibit the sellers from directly or indirectly within the time and space limitations specified competing with Champion Sports Center, Inc. "in any manner" which, as a matter of law, encompasses the trophy and awards business engaged in by Champion Sports Center, Inc. prior to and at the time of the sale of the business.

The court also awarded attorney's fees in favor of respondents in the amount of $3,000.

Peters' first claim of error is that the court erred in granting the injunction because: (1) the express language of the restrictive covenant does not apply to the sale of awards and trophies; (2) Champion had no recognizable right to seek enforcement of the restrictive covenant; and, (3) the injunction issued by the court was unreasonable for it failed to describe in adequate detail the acts which it prohibited.

At the outset we note the injunction is no longer viable. Respondents sold Champion subsequent to the court's issuing the injunction, and therefore the injunction has been dissolved. This appeal involves determining whether the court properly issued the injunction and therefore properly awarded attorney's fees.

■ We review the issuance of the injunction under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *See, Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 73 (Mo. banc 1985); *Mid–States Paint & Chemical Co. v. Herr*, 746 S.W.2d 613, 617 (Mo.App.1988). A reviewing court will uphold the injunction unless there is no substantial evidence to support it or unless it erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d at 32. We find there was evidence to support the injunction and the court reasonably concluded that the restrictive covenant prohibited Peters from operating a trophy business.

■ Peters contends the restrictive covenant does not specifically prohibit the sale of trophies and therefore the injunction enjoining appellant from operating a trophy business is improper. The restrictive covenant, however, bars appellant from competing *in any manner* with Champion. The sale agreement described the business as a corporation engaged partly in the sale of trophies. Evidence was presented at trial indicating Champion was engaged in the trophy and awards business at the time of sale, and the contract for sale was based on the inclusion of the trophy business.

Mr. Krafft's testimony that he refused Peters' offer to sell the corporation without the trophy and awards aspect of the business was not disputed. Based on the proper standard of review, the description of the corporation in the contract for sale of stock and evidence introduced at the hearing, we cannot say the court improperly issued the injunction.

In addition, the wording of the injunction was not unreasonable for failure to give adequate detail of the acts prohibited. Rule 92.02(d) requires that every order granting an injunction shall set forth the reasons for its issuance, shall be specific in its terms and shall describe in reasonable detail, and not by reference to the petition or other document, the acts sought to be restrained. Restrictive covenants must be reasonably limited in time and space. *Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 74 (Mo. banc 1985). The court's injunction prohibited:

> Milton R. Peters, his agents, servants and employees, and anyone acting for or on his behalf or in concert with him, from directly or indirectly competing in any manner with Plaintiff Champion Sports Center, Inc. within Franklin, Warren or Gasconade Counties in the State of Missouri, this injunction to remain in force until May 1, 1994, and to specifically include, but not be limited to, the trophy and awards business.

The specifications set forth in the injunction conform to Rule 92.02(d). The restrictive covenant and injunction were reasonable as to length of time and geographical area. *See, e.g., Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71 (Mo. banc 1985); *Schnucks Twenty–Five, Inc. v. Bettendorf*, 595 S.W.2d 279 (Mo.App.1979).

The issue presented narrows to a question whether the injunction is unreasonably vague as to what acts it prohibits. The injunction prohibits Peters from competing "in any manner" with Champion. The corporation was described in the sales contract for sale of stock as a business engaged in the sale of sporting goods, equipment, and trophies; therefore, the injunction bars appellant from operating a business engaged in the sale of these items.

Missouri courts have enforced similar non-competition clauses. In *Osage Glass, Inc.*, 693 S.W.2d at 71, the trial court refused to enforce a restrictive covenant prohibiting an ex-employee of Osage Glass, Inc. from working for a competitor for three years. The Supreme Court of Missouri remanded the case, instructing the lower court to enjoin the employee from "working for a competitor of the plaintiff [Osage Glass, Inc.] in Missouri for three years...." *Id.* at 75. Here, the injunction prohibited Peters from competing in any manner with Champion. It was not necessary for the court to define what constituted "competition."

Peters cites as authority *Terre Du Lac Property Owners' Association, Inc. v. Wideman*, 655 S.W.2d 803 (Mo.App.1983). In *Wideman*, the court found an injunction prohibiting the use of residential property for "commercial purposes including, but not limited to, an office in their home" to be unreasonably vague. *Id.* at 807. The court, however, found the injunction too vague because some of the activities which the injunction prohibited did not constitute violations of the conditions of the restrictive covenant. The restrictive covenant required that the land only be used for residential purposes. *Id.* at 807. The injunction issued in *Wideman* would have prohibited the land owner from keeping his own business records at home or from receiving work-related phone calls, even though these actions did not constitute commercial activities. *Id.* at 807.

In this case, the injunction does not prohibit any activities which do not constitute "competition" with Champion. The injunction bars only those activities prohibited by the restrictive covenant, that is, any competition with Champion by appellant. We find that the injunction is not unreasonably vague.

Peters also claims the injunction was issued only in favor of Champion and that the corporation had no recognizable right to seek enforcement of the restrictive

covenant. According to Peters, the corporation paid no consideration for the sale agreement, the redemption agreement between the corporation and Peters contained no restrictive covenant, and therefore the corporation has no right to seek enforcement of the restrictive covenant. The injunction, however, was issued in favor of both Champion and James C. Krafft, Trustee, the buyer of the corporation. The buyer clearly had the right to seek enforcement of the restrictive covenant. Champion was a signatory on the agreement containing the covenant not to compete. The contract for sale of stock was signed by James C. Krafft, James C. Krafft, Trustee [Buyer], Champion, by its president, Milton R. Peters, and Milton R. and Celeste Peters [Sellers]. It specified that if the sellers breached the restrictive covenant, *"the Corporation* and the Buyer shall be entitled to injunctive relief." (Our emphasis). Therefore, the buyer, James C. Krafft, Trustee and Champion expressly had the right to seek the injunction.

The action to enjoin Peters from competing with Champion was filed by James C. Krafft, James C. Krafft, Trustee, and Champion. By agreement each had a contractual right to enforce the restrictive covenant. The injunction was not, as appellant argues, issued only in favor of Champion. The court granted the injunction in favor of both Champion and James C. Krafft, Trustee. Point denied.

■ Appellant's final claim is the court erred in awarding respondents attorney's fees. The contract for sale required:

The Sellers shall indemnify and hold harmless the Corporation and the Buyer at all times after the date of this Agreement against and in respect of: ...

Any damage or deficiency resulting from any misrepresentation, breach of warranty or non-fulfillment of any agreement on the part of the Sellers or either of them, under this agreement....

All actions, suits, proceedings, demands, assessments, judgments, costs, and expenses incident to any of the foregoing [provisions of the agreement].

This clause requires appellant to pay the costs of any action or lawsuit filed, and the court properly awarded respondents attorney's fees.

It is well settled that attorney's fees are not generally recoverable unless provided for by statutory authorization or contractual agreement. *Dunn v. Bemor Petroleum,* 737 S.W.2d 187, 190 (Mo. banc 1987). Contractual provisions which require a party to pay costs and expenses do not generally allow for the payment of attorney's fees. *Prudential Insurance Co. of America v. Goldsmith,* 192 S.W.2d 1, 4 (Mo.App. 1945). However, when a contract specifically provides that a party must pay all costs and expenses related to litigation and other legal proceedings, attorney's fees are recoverable. *Id.* at 4.

The contract for the sale of Champion required Peters to pay for all costs and expenses incident to any actions, suits and proceedings resulting from his breach or nonfulfillment of any provision of the sale agreement. Appellant failed to fulfill his agreement not to compete with Champion. Therefore, he is obligated to pay attorney's fees for the suit in equity for the injunction. The court properly awarded attorney's fees.

We affirm the injunction and award of attorney's fees.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.