MIGAR ENTERPRISES, INC.,
Plaintiff/Appellant,

v.

Larry L. DeMENT,
Defendant/Respondent.

No. WD 42374.

Missouri Court of Appeals,
Western District.

March 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

Application to Transfer Denied
July 3, 1990.

William N. Marshall, III, Grandview, for plaintiff-appellant.

Douglas F. Noland, Kansas City, for defendant-respondent.

Before KENNEDY, P.J., and LOWENSTEIN and TURNAGE, JJ.

KENNEDY, Presiding Judge.

Plaintiff Migar Enterprises, Inc., appeals an adverse judgment in its suit for an injunction and damages against defendant Larry L. DeMent for the alleged breach by DeMent of an agreement not to compete.

Migar was the owner and proprietor of a land survey business named Land Survey Company, headquartered in Grandview, Missouri. On May 27, 1986, it purchased from Larry L. DeMent his land survey business located in Gladstone, Missouri, and entered upon the operation thereof under the name of Land Survey North. The purchase price was $25,000.

The contract between Migar and DeMent contained the following provision: "From and after the closing, the seller agrees not to directly or indirectly own, manage, operate, join, control or participate in the ownership, management, operation or control of, or be connected in any manner with, any survey business for a period of five years after the closing within 75 miles of the city limits of Kansas City, Missouri."

Beginning June 1, 1988, two years after the sale to Migar, Larry L. DeMent became an employee of D & D Survey, Inc., a corporation engaged in the land survey business in North Kansas City, Missouri. The sole shareholder of D & D Survey, Inc., is Neil DeMent, who is the son of Larry L. DeMent. Beginning in June, 1985, plaintiff suffered a sharp decline of its Land Survey North business, which it attributed to Larry L. DeMent's reentry into the land survey business.

Larry L. DeMent since his employment by D & D has personally supervised the land surveys undertaken by D & D and has signed and affixed his seal to survey documents and instruments. Section 327.-401.2, RSMo 1986, makes such personal participation by a registered land surveyor mandatory, and the requirement is amplified by Mo.Code Regs. tit. 4, § 30–10.010(2) (1982) and Mo.Code Regs. tit. 4, § 30–13.-010 (1982). Larry L. DeMent is a registered land surveyor and the only registered land surveyor in D & D's employ or otherwise connected with it. He in fact performs the registered land surveyor's duties in his employment by D & D.

The foregoing facts are not in dispute. The questions presented by this appeal are questions of law. On questions of law the trial court is entitled to no deference on appeal. *City of Cabool v. Missouri State Board of Mediation,* 689 S.W.2d 51, 54–5 (Mo. banc 1985); *Taylor v. City of Pagedale,* 746 S.W.2d 576, 577–78 (Mo.App. 1987); *Buchanan v. Graf,* 671 S.W.2d 379, 381 (Mo.App.1984).

At the conclusion of the court tried nonjury case the trial court rendered judgment for the defendant without any findings of fact or conclusions of law. We affirm if the evidence supports the judgment upon any theory. *Randel v. McClanahan,* 760 S.W.2d 607, 608 (Mo.App.1988); *Jensen v. Borton,* 734 S.W.2d 580, 584 (Mo.App. 1987); *Telge v. Telge,* 677 S.W.2d 403, 405 (Mo.App.1984).

We are unable, even with respondent's help, to find any theory upon which the judgment of the trial court may be affirmed.

█ That Larry L. DeMent breached the non-competition provisions of the contract is clear. To use the words of the contract, he directly participated in the operation of a survey business, D & D Survey, and was directly connected with such business during the time and within the area forbidden

by his agreement. D & D Survey was headquartered within 75 miles of the city limits of Kansas City—in fact, in the municipality adjacent to such city limits. Larry L. DeMent's proscribed activity was commenced June 1, 1988, slightly more than two years of the date of his agreement not to compete for five years within the defined area, and it continued after that date.

■ The non-competition agreement would be unenforceable if it covered an unreasonable area, or if it forbade DeMent's competing activity for an unreasonable length of time. *Osage Glass, Inc., v. Donovan,* 693 S.W.2d 71, 73–5 (Mo. banc 1985); *Reed, Roberts Associates, Inc., v. Bailenson,* 537 S.W.2d 238, 241 (Mo.App. 1976). Both plaintiff's survey business and D & D Survey, by whom Larry L. DeMent was employed, did business within and beyond the 75–mile radius. The parties considered the five-year time and the 75–mile radius reasonable when they entered into their contract. We hold that neither the area nor the time is unreasonable, and the contract may not be held unenforceable on that ground. *See Osage Glass,* 693 S.W.2d at 75; *Mid–States Paint & Chemical Co. v. Herr,* 746 S.W.2d 613, 616–17 (Mo.App. 1988); *Long v. Huffman,* 557 S.W.2d 911, 914–15 (Mo.App.1977).

■ While the contract stated no separate consideration for the non-competition agreement, the $25,000 purchase price was sufficient consideration to support the same. *Scott v. Asbury,* 198 S.W. 1131, 1131–132 (Mo.App.1917); *See* 14 *Williston On Contracts,* § 1636 (3rd ed. 1972); 17 C.J.S. *Contracts* § 257 (1963).

The judgment is reversed and the cause is remanded with directions to enter a decree enjoining the defendant from his employment and activities violating his non-competition agreement, and to ascertain plaintiff's damages resulting from defendant's breach of contract.

All concur.